| NARQUIS BARAK | * | NO. 2021-CA-0756 |
| VERSUS | * | COURT OF APPEAL |
| ANTOINE MICHELE SAACKS, III | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**NARQUIS BARAK**                                      **NO. 2021-CA-0757**

**VERSUS**

**ANTOINE MICHELE SAACKS, III**

**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**NARQUIS BARAK**                                      **NO. 2021-CA-0758**

**VERSUS**

**ANTOINE MICHELE SAACKS, III**

**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**NARQUIS BARAK**                                      **NO. 2021-CA-0759**

**VERSUS**

**ANTOINE MICHELE SAACKS, III**

*JCL* **LOBRANO, J., CONCURS IN PART AND DISSENTS IN PART.**

I concur in part and agree with the majority: (1) to vacate that portion of the July 30, 2021 judgment that granted "unsupervised physical custody periods" to Dr. Saacks; (2) to remand this matter to the trial court with instructions to conduct a hearing within twenty days of the date of the Opinion and to abide by the mandates of the Post-Separation Family Violence Relief Act; and (3) to assess all costs of this appeal against Dr. Saacks.

1

However, I part ways with the majority in that I would reverse that portion of the judgment that found Ms. Barak in contempt. Based on the evidence before this court, I find that at the time of the visitations in question, the court had not fully ordered or implemented the mandated legislative safeguards of the Post-Separation Family Violence Relief Act and the discretionary court-ordered treatment and approval of a reunification therapist. The record fails to show that it was in the best interest of the children to force visitation at this time of the co-parenting process, especially taking into consideration the totality of the circumstances and the dynamics and complexities of court-monitored co-parenting directives and implementation when there is a finding of "a history of perpetrating family violence" as defined by La. R.S. 9:364(A). I find that Ms. Barak showed "good cause" for allowing her daughter to stay home from visitation with Dr. Saacks at this time in the co-parenting process. La. R.S. 9:346(G).

Prior to the full and proper implementation of mandated legislative safeguards and discretionary court-ordered co-parenting treatment directives, courts must be cautious not to place undue barriers on the parental authority of a non-offending parent in the protection of children who have experienced psychological harm by domestic violence. Once these safeguards and treatment directives are properly in place, then trial and appellate courts can perform a more thorough "parental alienation" analysis and La. R.S. 9:346(G) "good cause" determination regarding a non-offending parent's decision on visitations with an offending parent. A trial court can then more effectively utilize contempt charges and/or other remedies set forth in La. R.S. 9:346 to promote the enforcement of court-ordered co-parenting directives, schedules, judgments and awards.

Domestic violence laws place various burdens and responsibilities on offending parents who desire to exercise visitation rights and require offending parents to promptly and efficiently seek co-parenting, reunification, and/or

2

behavior health treatment in domestic violence custody and visitation cases in order to expedite co-parenting guidelines and visitation. *See, e.g.* La. R.S. 9:341(A) (the abusive parent must "prove[] by a preponderance of the evidence at a contradictory hearing that the abusive parent has successfully completed a court-monitored domestic abuse intervention program. . .").

A court's co-parenting guidelines and directives in domestic violence custody and visitation cases must be expeditious and consistently court-monitored to properly implement the mandates of the Post-Separation Family Violence Act, particularly the requirement of a "court-monitored domestic abuse intervention program," which requires "a minimum of twenty-six in-person sessions, that follows a model designed specifically for perpetrators of domestic abuse" and experienced and qualified instructors and providers. La. R.S. 9:362(3). The duty to "court-monitor" such programs includes a review, documentation, and finding as to the program's requirements and providers' qualifications. *See id.* ("The offender's progress in the program shall be monitored by the court.") The record is devoid of such a court-mandated monitoring, documentation, or finding.

In conclusion, the trial court and majority erred in failing to recognize the burdens placed on offending parents and the requirements of domestic violence monitoring courts. I decline to follow the majority in its affirmation of the contempt charges against Ms. Barak, the non-offending parent.